IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARY MEEKS                                                                  PLAINTIFF

V.                                     CIVIL ACTION NO. 2:11CV253-NBB-JMV

DR. KUSHNA K. DAMILLIE,
THE WOMAN'S CLINIC, AND
HOLOGIC, INC., formerly known as
CYTYC                                                         DEFENDANTS

**MEMORANDUM OPINION**

Presently before the court is the plaintiff's motion to remand. Upon due consideration of the motion, response, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Mary Meeks, filed this action in the Circuit Court of Coahoma County, Mississippi, seeking damages for a perforation of her uterus and small bowel burn injuries allegedly sustained during an endometrial ablation procedure performed by Dr. Kushna K. Damillie at The Woman's Clinic in Clarksdale, Mississippi, using a "NovaSure" medical device manufactured by Hologic, Inc. The plaintiff sued Dr. Damillie and the clinic on November 16, 2010. With leave of court to amend, the plaintiff filed her first amended complaint on September 26, 2011, naming Hologic as a defendant, and filed her second amended complaint on October 25, 2011, serving Damillie and The Woman's Clinic on the same day. Plaintiff served Hologic on November 22, 2011. Hologic alleges that it received the second amended complaint on November 28. It was never served with the first amended complaint.

Hologic removed the case to this court on December 20, 2011, alleging that "[t]he complaint raises on its face a substantial federal question . . . which directly and exclusively arises under the Administrative Procedure Act," that "Plaintiff seeks, in her Sixth Cause of

Action, a 'declaratory judgment' that the Food and Drug Administration's ("FDA") 'pre-market approval for the NovaSure was not properly acquired,'" and that "Count Six expressly and exclusively arises under federal law."

The plaintiff subsequently moved to remand based on defective removal, as the first-served defendants, Damillie and the clinic, did not remove within thirty days of service. Hologic also moved to dismiss on federal preemption grounds.

Analysis

The longstanding Fifth Circuit interpretation of the removal statute limited the removal period to thirty days from the time the first defendant is served. *See Getty Oil Corp.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). This "first-served defendant rule" was the minority view, as most other circuits favored the "last-served defendant rule" or "fairness rule." *See, e.g., Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (observing "that the trend in recent case law favors the last-served defendant rule").

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 resolved the split in favor of the majority "last-served defendant rule." 28 U.S.C. § 1446(b)(2)(B). The amended statute provides, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.* Further, the statute now allows earlier-served defendants to join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period. *Id.* This is precisely what occurred in the present case.

The defendants' removal would, therefore, be sound under the amended statute, and this court would retain jurisdiction. Unfortunately for the defendants, the effective date of the

amended statute was January 6, 2012, and the statute is not retroactive. Congress provided that the amended statute applies to "any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date." Pub. L. No. 112-63 § 205, 125 Stat. 758, 764-65 (2011). The "first-served defendant rule" that applied in this circuit prior to the Clarification Act thus governs this lawsuit and renders the defendants' removal untimely and therefore defective.

Hologic argues that the thirty-day removal window is not relevant where the federal law vests exclusive jurisdiction in the federal courts. Citing an out-of-circuit district court case, the defendant asserts that "[i]n the absence of a statutory provision to the contrary, 28 U.S.C. § 1331 confers on district courts exclusive jurisdiction to review any reviewable action of a federal agency." *Duke Energy Field Servs. Assets, LLC v. Fed. Energy Regulatory Comm'n*, 15 F. Supp. 2d 150, 155 (D.D.C. 2001) (quoting III Kenneth Culp Davis and Richard J. Pierce, Jr., Administrative Law Treatise § 18.2 at 165 (3d ed. 1994)). This court, however, is unconvinced that it has exclusive jurisdiction of the claims as they are asserted in the plaintiff's complaint. The court's reading of the second amended complaint does not reveal a claim requiring direct review of a federal agency action. Plaintiff asserts that she has identified Hologic's alleged violation of federal regulations, not as a claim arising under federal law, but rather as evidentiary support for her state law claims.

At any rate, while it may ultimately be determined that the claims asserted against Hologic are subject to federal preemption, this court finds that the state court should make that determination. The court therefore declines to address Hologic's motion to dismiss based on federal preemption. In *Frith v. BIC Corp.*, Civ. Ac. No. 3:98CV280BN, 15-16, 20-21 (S.D.

3

Miss. 1998), Judge William H. Barbour, Jr., determined that while the plaintiffs' claims against the defendant were preempted by federal law, the federal court could not enforce federal preemption because it lacked removal jurisdiction, as a necessary party had failed to join in the removal petition. *See also Frith v. BIC Corp.*, 863 So. 2d 960, 961 (Miss. 2004).

The court finds that the defendants have not complied with the requirements of the removal statute as it stood at the time this action was commenced. Because any doubts about the propriety of removal are construed in favor of remand and against removal,[1] the court finds that the case must be remanded to the state court.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 30th day of September, 2013

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1]*See, e.g., Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).